JOHN W. SALTER, RECEIVER, ETC., RESPONDENT, *v.* PETER BOWE, SHERIFF, ETC., APPELLANT.

*Sale under an execution — action against a sheriff to recover the amount due upon a junior execution which is in the sheriff's hands — the sheriff cannot claim to withhold the amount due upon such junior execution, because earlier executions have been theretofore issued to him, where such earlier executions have been returned by him as unsatisfied.*

APPEAL from a judgment, entered on the trial of this action before the court.

The plaintiff was appointed receiver in supplementary proceedings taken by him after the issuing of an execution upon a judgment he had recovered against Ann Eliza Thomas. Preceding executions had been issued to the sheriff against her property and a sale of it took place on the 25th of May, 1880. This sale was held to be irregular, as the property sold was not present at the time of the sale and the sale was set aside. An appeal was taken from this order, but while it was pending another sale was made, the proceedings in which were regularly conducted, and the same purchaser again bought the property for the sum of $5,637.56. From that the sheriff disbursed, in payment of his fees and preceding executions,

the sum of $3,783.93. The plaintiff brought this action to recover the difference between this amount, with interest upon it, and the whole amount realized upon the sale, upon the ground that the defendant in the execution was the owner of this difference.

The court at General Term, after overruling other objections made by the appellant, said : " After the second sale took place and the sheriff had applied the larger part of the proceeds upon preceding executions and for the payment of his fees, other executions prior to that issued in favor of the plaintiff still remained in the sheriff's hands, entitled to be paid, but instead of paying them out of this difference these executions were returned by the sheriff unsatisfied, and no part of the money was ever, at any time, paid upon them. So far as appears by the case he never has been called upon to pay those executions out of this difference remaining in his hands. For that reason the sheriff could not shield himself under those executions, after they had been returned, by way of defense to the action brought by the plaintiff. This point was considered in *Paton* v. *Westervelt* (2 Duer, 362, 388–389), and it was there held that such preceding executions after they had been in fact returned by the sheriff, would not protect him against the right of a junior execution creditor to payment out of the money realized by the sheriff.

"Incidentally the same point was considered in *Cross* v. *Williams* (63 How., 191), and the force of the preceding authority under these circumstances was conceded by the court. There was no error in excluding the answer to the question whether the $550, bid upon the first sale, was or was not added to the memorandum of all the sales. The defendant did not offer to prove that this was true as a matter of fact, and there was no probability that it was true ; while the evidence which was given very conclusively established the contrary to be the fact.

As a receiver, appointed in supplementary proceedings, the plaintiff was entitled to recover the entire difference remaining in the hands of the sheriff although it exceeded the amount due upon the execution which had been issued in his favor. (*Bostwick* v. *Menck*, 40 N. Y., 383.) Whatever balance may remain in his hands after paying the judgment recovered by him and the expenses of the proceeding will be applicable to the payment of any other legal

claims against the debtor in the execution. If no such claims shall be made then such residue will be payable to her." ·

The judgment in the case should be affirmed.

*Charles F. McLean*, for the appellant.

*John Henry Hull*, for the respondent.

Opinion by DANIELS, J.; DAVIS, P. J., concurred.

Present — DAVIS, P. J., DANIELS and HAIGHT, JJ.

Judgment affirmed.